(No. 1455— ▇▇▇▇▇▇)

CONTINENTAL NATIONAL BANK AND TRUST COMPANY OF CHICAGO, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF SAMUEL C. SCOTTEN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*
*Rehearing denied June 26, 1929.*

MAYER, MEYER, AUSTRIAN & PLATT, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On August 5, 1920, Samuel C. Scotten, a resident of the City of Chicago Cook county, Illinois, died testate. On or about February 5, 1921, an order was entered by the County Judge of Cook county, Illinois, assessing the inheritance tax to the State from the estate of said decedent and fixing the tax at $48,334.35. Said amount of tax less five percent discount allowed to said estate for payment of a tax within six months from date of death of decedent, of a net amount of tax amounting to $45,917.63, was paid to the County Treasurer of Cook County on February 4, 1921.

After providing for the payment of debts and funeral expenses, decedent bequeathed and devised the residue and remainder of his estate in trust for the benefit of his three daughters; by the second clause of the will it is provided that

when the youngest surviving daughter arrived at the age of forty years, one-half of the trust estate should be equally divided among the said daughters, and the remaining half of the trust estate should remain undistributed for a period of ten years thereafter. Said will also provided that if all of testator's said daughters should die during the period of the trust, leaving no child or descendants of a child surviving, said trust estate should then go to the heirs at law and next of kin of the testator. Because of this provision in said will, the trust estate was assessed by the County Judge under the provisions of section 25 of the Inheritance Tax Act, which provides for the assessment of the trust estate in view of these contingencies at the highest possible rate.

After the arrival of the youngest daughter of Josephine Scotten, at the age of forty years, an order for reassessment was secured. It appears from a certified copy of said order that the tax as reassessed was found to be $28,518.27. Subtracting from this the five percent discount a net amount of $27,092.37 was arrived at as the tax. Subtracting this amount from the $45,917.63 paid on February, 1921, there is a sum of $18,825.26 which the plaintiff claims should be refunded to him.

The Inheritance Tax Act is a code covering the whole subject of such taxes, their assessment, payment, and the method of securing the refund of taxes erroneously paid. Sections 8 and 10 of the Act provide the methods of having taxes erroneously paid, refunded. If claimants can bring themselves within the provisions of those sections they have a forum where their cause can be heard. It has been held in the case "Honore Palmer et al. v. State of Illinois," No. 474, that this Court has no jurisdiction to decide cases provided for by those sections.

The award is therefore denied and the cause dismissed.

On June 26, 1929, upon petition for rehearing the following additional opinion was filed:

The original opinion was filed in this case on April 25, 1929. Notice of petition for rehearing was filed May 8th, 1929, and petition for rehearing was filed by claimant on May 20th, 1929. There is nothing in the petition for rehearing that was not taken into consideration in the original opinion in this case. Therefore, the petition for rehearing is denied.